**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BYRON L. CONWAY
ADC # 113285                                                                                            PLAINTIFF

v.                                           5:11-cv-00009-JMM-JJV

PAMELA SMITH, Registered Nurse,
Correctional Medical Services; and
CORRECTIONAL MEDICAL SERVICES                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Byron Conway, is an inmate in the Arkansas Department of Correction (ADC) Grimes Unit. He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants were deliberately indifferent to his health and safety. After careful review, the Court finds that Plaintiff fails to state a claim against the Defendants and his Complaint should be DISMISSED without prejudice.

## I. BACKGROUND

Pamela Smith is a registered nurse employed by Correctional Medical Services (CMS), ADC's contracted medical provider. According to Plaintiff's Complaint, on October 14, 2010, he underwent a colonoscopy at the Diagnostic Unit. In preparation, Nurse Smith inserted an IV into his right hand to deliver the sedation medication. Nurse Smith had difficulty with his vein rolling and it took two attempts to get the IV in place. Plaintiff complains that during the second attempt, "instead of Smith pulling the IV all the way out and inserting it again or finding another place to insert the IV such as [his] left hand or left or right arm, Smith pushed the IV in again using unnecessary use of force[.]" (Doc. No. 2 at 5.) After inserting the IV, the nurse was unable to locate

an IV pole, so she had the guard assigned to Plaintiff hold the bag while she connected Plaintiff's IV line. Then she hung the bag from the television. Three days later, Plaintiff noticed the vein in his hand had hardened. He was diagnosed with "mild resolving phlebitis and slight firmness of the vein." (*Id.* at 7.)

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than

3

a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id.* at 557.

## II. ANALYSIS

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citation omitted). Deliberate indifference to a prisoner's health and safety violates the Eighth Amendment's proscription on cruel and unusual punishment. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 532 (8th Cir. 2009). Stating a claim of deliberate indifference requires more than a showing of simple or even gross negligence. *Williams v. Jackson*, 600 F.3d 1007, 1014 (8th Cir. 2010). Deliberate indifference is akin to criminal recklessness, and demands more than a showing of negligent misconduct. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

While the Court is sympathetic to the difficulties Plaintiff experienced, the conduct he complains of is, at best, negligence and does not give rise to the level of deliberate indifference necessary to sustain a claim under § 1983. Plaintiff, therefore, fails to state a claim against the Defendants and his Complaint should be DISMISSED for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of Plaintiff's Complaint constitute a "strike" within the meaning of the

Prison Litigation Reform Act (PLRA), 28 U.S.C. § § 1915(g).[1]

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations and the accompanying judgment would not be taken in good faith.

DATED this 7th day of September, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).